(March 6, 1973)

■ ANTONIO SANCHEZ, an Infant, by His Sister, CARMEN LIRIANO, et al., Appellants, v. AVIS RENT-A-CAR SYSTEM, INC., et al., Respondents.— Judgment, Supreme Court, New York County, entered on December 14, 1971, modified, on the law and the facts and in the interest of justice, by reversing and granting a new trial with respect to the causes of action based upon the alleged negligence of defendant Masdeu in driving the vehicle, and severing said causes of action, with $60 costs and disbursements to abide the event; and the judgment affirmed in favor if defendant Avis on the claim based on the alleged furnishing of a defective vehicle, without costs and without disbursements. Defendant Masdeu, while driving on a two-lane highway with a 65 mile per hour speed limit, undertook to pass a car going in the same direction. In so doing, he estimated his speed variously at 65, 70 and 75 miles per hour. While turning to the right after passing, the car left the highway and struck a tree, demolishing the car. Masdeu testified that he heard a noise at the right front of the car just before the accident and he could not turn the wheel. After the accident, the right front and one rear tire were flat. Masdeu heard no blowout and testified that the tires were "brand new". In special verdicts, the jury found plaintiff passengers free from negligence. After the trial the court granted a reserved motion by Avis to dismiss that part of the causes of action against it based on its alleged furnishing of a defective vehicle saying, "The proof is clearly insufficient to establish such a defect", a conclusion with which we agree. In this posture, the finding implicit in the jury's verdict that the defendant driver was not negligent is against the weight of the evidence. Concur — Markewich, Nunez, Lane and Macken, JJ.; McGivern, J. P., dissents in the following memorandum: I must disagree in the majority's setting aside a jury verdict in favor of defendants. As the Trial Justice held, it is well settled that a jury verdict in favor of a defendant should not be disturbed unless the evidence preponderates so greatly in favor of the plaintiff that based on no fair interpretation thereof could the jury have found in favor of the defendant. Applying this well-settled rule in the case at bar, it is difficult to understand

how the Trial Justice erred in not setting aside the verdict of the jury on the plaintiffs' first cause of action on the ground that it was contrary to the weight of the credible evidence. The majority herein are, in effect, finding the defendant driver negligent merely because of the happening of the accident, and although a jury verdict has found in defendant's favor. This finding is speculation, and contrary to the evidence that amply sustains an equally logical inference that the proximate cause of the accident was an unexpected "blowout" that occurred without any fault on defendant's part. The latter conclusion is consistent with the jury's verdict and a fair interpretation of the evidence.